## PITTS *vs.* SINGLETON ET AL.

[CONTEST ON APPLICATION TO DECLARE ESTATE OF DECEDENT INSOLVENT.]

1. *Credit, allowance of; when error.*—It is error on the final settlement of an executor to allow him items of credit for funds on hand, unless such funds, or the value of the property of the estate converted into such funds, have been charged to him as assets of the estate in his hands.
2. *Worthless assets ; when credit may be allowed for.*—Where funds, which came legally into the hands of the executor, have become worthless without fault on his part, he may on proof of that fact leave the same out of his account altogether ; or, if they are charged to him, he may have a corresponding credit allowed.
3. *Executor, liability of ; for converting property into Confederate funds.*— An executor is a trustee, and can not change the property of the estate received by him into other funds without authority of law. If he so changes the property in his hands into Confederate notes and bonds, without authority of law, he must suffer the loss, and it is error to allow him on final settlement a credit for such funds, which have become worthless, unless, perhaps, where the same was so directed by the will.

APPEAL from the Probate Court of Shelby.
Tried before Hon. ———.

The facts are stated in the opinion.

BRADFORD, MARTIN & ISBELL, for appellant.
A. J. WALKER, *contra*.

PETERS, J.—This was an application by the executors of John Singleton, deceased, to have the estate of said deceased declared insolvent. Said executors are the appellees in this suit. The application was made in the probate court of Shelby county, and the petition was filed on the 30th day of August, 1867, and finally heard on the 31st day of October of the same year. The application was sustained, and the estate declared insolvent. There is nothing in the record which shows that the proceedings to establish the insolvency were irregular up to the final hearing. The report of insolvency shows that the assets of the estate remaining in the hands of the executors, at the date of the filing of the report, was the sum of $1,610.92. This seems to have been a debt owing to the estate of said deceased for lands sold on the 3d day of December, 1855, which fell due on the 3d day of December, 1856, twelve months after the date of said sale.

The statement of claims against the estate consisted of four items : One a note for $524.88, due March 1, 1856 ; another note, of like character, for $524.88 ; also, a claim for $500.00, and another claim for $1,000.00 ; which several sums amounted in the aggregate to $2,549.76. Upon this showing the estate was insolvent.

On the 3d day of December, 1867, after said estate was declared insolvent, the executors proceeded to make final settlement of their executorship of said estate. During the progress of this settlement, they proposed to credit themselves with several items in Confederate treasury notes and bonds, which items are in the following words :

"By amount Confederate notes, new issue, in the hands of executors at the time of the surrender, now valueless................$1,542 00
By amount lost on this sum, in discounting the old for the new issue at the rate of three dollars for two........................ 771 00

By amount Confederate bonds in the posses-
sion of executors at the close of the war,
received for Confederate notes........... 800 00."

These three items amount to the sum of $3,113.00. The
record does not disclose when the testator departed this
life, but it shows that the lands of the testator were sold
on the 3d day of December, 1855. He must, therefore,
have died before the date of this sale. Then it is known
to the court that he could not have owned any assets of
the character of these Confederate notes and bonds at his
death, because they did not then exist. These funds,
whatever they may have been, must have come into his
estate after his death. In whatever way this may have
happened, it can not be doubted that as soon as these
funds did come into the possession of the executors, they
became liable to be charged with the same as property of
the testator, to the extent of their value, real or nominal.
*Pro tanto*, they became assets of the estate ; and the execu-
tors should have charged themselves with the same in the
debits, and have asked a corresponding credit, as for val-
ueless assets in their account, so that their introduction
or omission would have made no difference in the result ;
or their worthlessness might have been shown, and they
might have been left out of the account altogether as
insolvent claims, if they came legally into the hands of the
executors.

But in this settlement these funds are not charged at all
among the debits or assets received, as they should have
been ; and a credit was allowed for their whole amount.
This was improper, unless it was shown that there was a
portion of the assets of the estate which had been legally
converted into these funds, and which assets had been
charged against the executors. But nothing of this sort
is shown or pretended in the record. Then, unless the
executors had been charged with the amount of these
Confederate funds in the first instance, or with some por-
tion of the estate of the deceased, out of which they had
been derived, they are not entitled to a credit on their
account. Not having been charged with them, directly or
indirectly, they should not be allowed a credit for them ;

otherwise, there will be a credit allowed without any corresponding charge for the same item, which must have come into the hands of the executors as a part of the assets of the deceased.

Moreover, if these Confederate bonds and notes were worthless, it was enough to have shown this fact in the record, and then they might have been omitted as items of the account altogether. If this is done, the result of the accounting will leave a balance of assets against the executors of some $826.50, taking the *data* for the estimate, as they are given in the account as rendered in the record.

If, however, the executors changed the property of the deceased received by them into Confederate notes and bonds, without authority of law, and these notes and bonds subsequently became worthless, the executors must suffer the loss, unless it is shown that they are not in fault. Executors are trustees, and trustees can not change the estate of the beneficiary in their keeping into other funds, without authority of law. If they do, and there is loss to the beneficiaries thereby, they must suffer this loss.—*Hall v. Hall*, June term, 1869.

For the error of allowing the credit for the amount of the Confederate treasury notes and bonds as above shown, the judgment of the probate court is reversed, and the cause is remanded for further proceedings in the court below, in conformity to this opinion; and the appellees will pay the costs of this appeal in this court and in the court below.